

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th floor*         973-645-2700
*Newark, New Jersey 07102*

September 27, 2021

**VIA E-MAIL**
Robert N. Agre                     21-cr-506 and 21-cr-507(NLH)
Law Offices of Agre & St. John
4 Kings Highway East
Haddonfield, New Jersey 08033

          Re:    <u>Plea Agreement with Nicholas Bucciarelli</u>

Dear Mr. Agre:

      This letter sets forth the plea agreement between your client, Nicholas Bucciarelli ("BUCCIARELLI"), and the Acting United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on **October 15, 2021**, if it is not accepted in writing by that date.

<u>Charges</u>

      Conditioned on the understandings specified below, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office will accept a guilty plea from BUCCIARELLI to: (1) Counts One through Five of the Indictment pending in 21-cr-506, which charge BUCCIARELLI with five counts of distributing 5 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and (2) Counts One, Three, and Four of the Indictment pending in 21-cr-507, which charges BUCCIARELLI with one count of aggravated assault in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3) (Count One), and two counts of possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Counts Three and Four).

      If BUCCIARELLI enters a guilty plea and is sentenced to a term of imprisonment within the range of 96 to 120 months and four years of supervised release on these charges (the "Stipulated Sentencing Range"), and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against BUCCIARELLI for the conduct set forth in the Indictments. Moreover, at the time of sentencing, the United States will move to dismiss Count Two of the Indictment in docket number 21-cr-507. However, in the event that a guilty plea in this matter is not entered

for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, BUCCIARELLI agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by BUCCIARELLI may be commenced against him, notwithstanding the expiration of the limitations period after BUCCIARELLI signs the agreement.

Should the Court, pursuant to Rule 11(c)(5), at any time reject this plea agreement under Rule 11(c)(1)(C) by either not accepting the Stipulated Sentencing Range or not accepting the plea of guilty, either party may elect to withdraw from this plea agreement and the parties will be returned to the status prior to the entry of the guilty plea. In the event that the Court, pursuant to Rule 11(c)(3)(A), defers a decision to accept the plea agreement until the Court has reviewed the presentence report, neither party will move to withdraw from this plea agreement unless or until the Court ultimately determines to reject the proposed plea agreement.

### Sentencing

The violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) to which BUCCIARELLI agrees to plead guilty in Counts One through Five of the Indictment pending in 21-cr-506 each carry mandatory minimum prison sentence of five (5) years, a maximum prison sentence of forty (40) years, and a maximum fine of $5,000,000.

The violation of 18 U.S.C. § 1959(a)(3) to which BUCCIARELLI agrees to plead guilty in Count One of the Indictment pending in 21-cr-507 carries a maximum sentence of twenty (20) years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000; or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by the victim.

The violations of 18 U.S.C. § 922(g)(1) to which BUCCIARELLI agrees to plead guilty in Counts Three and Four of the Indictment pending in 21-cr-507 each carry a maximum prison sentence of ten (10) years and a maximum fine equal to the greatest of: (1) $250,000; or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims.

The sentences on all counts may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

Further, in addition to imposing any other penalty on BUCCIARELLI, the sentencing judge: (1) will order BUCCIARELLI to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order BUCCIARELLI to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) with respect to Counts Three and Four of the

Indictment pending in 21-cr-507, must order forfeiture pursuant to 18 U.S.C. § 982(a)(5), 18 U.S.C. § 924(d)(1), and 28 U.S.C. § 2461; (4) with respect to Counts One through Five of the Indictment pending in 21-cr-506, must order forfeiture pursuant to 21 U.S.C. § 853 of: (a) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation, and (b) any property used, or intended to be used, in any matter or part, to commit, or to facilitate the commission of, such violation; (5) with respect to Counts One through Five of the Indictment pending in 21-cr-506, may deny BUCCIARELLI certain statutorily defined benefits pursuant to 21 U.S.C. §§ 862 and 862a; (6) may order BUCCIARELLI, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; and (7) pursuant to 21 U.S.C. § 841, must require BUCCIARELLI to serve a term of supervised release of at least four years on Counts One through Five of the Indictment pending in 21-cr-506, and pursuant to 18 U.S.C. § 3583, may require BUCCIARELLI to serve a term of supervised release of not more than three years on Counts One, Three, and Four of the Indictment pending in 21-cr-507, which will begin at the expiration of any term of imprisonment imposed. Should BUCCIARELLI be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, BUCCIARELLI may be sentenced to not more than three years on Counts One through Five of the Indictment pending in 21-cr-506, and not more than two years on Counts One, Three, and Four of the Indictment pending in 21-cr-507, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office and BUCCIARELLI agree that a sentence within the range of 96 to 120 months' imprisonment and a four-year term of supervised release is the appropriate disposition of the case. Accordingly, pursuant to Rule 11(c)(1)(C), if the Court accepts this plea agreement, the Court will be bound to sentence BUCCIARELLI to a term of imprisonment within the range of 96 to 120 months and four years of supervised release. If however, the sentencing judge rejects this plea agreement and the Stipulated Sentencing Range, BUCCIARELLI has the opportunity, pursuant to Rule 11(c)(5)(B), to withdraw his plea of guilty, and the government also reserves the right to withdraw from the plea agreement.

Restitution

Pursuant to 18 U.S.C. §§ 3663 and 3663A, BUCCIARELLI agrees to make full restitution for all losses resulting from the offenses of conviction, which will be determined around the time of sentencing. BUCCIARELLI understands that restitution will be due immediately upon sentencing. BUCCIARELLI agrees to fully disclose all assets in which he has any interest or over which he exercises

- 3 -

control, directly or indirectly, including those held by a spouse, nominee or third party. BUCCIARELLI agrees to truthfully complete the financial statement form provided herein by the earlier of 14 days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the United States Attorney's Office and the United States Probation Office. BUCCIARELLI agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. BUCCIARELLI expressly authorizes the U.S. Attorney's Office to obtain a credit report on him.

Forfeiture

As part of his acceptance of responsibility, BUCCIARELLI agrees to forfeit to the United States: (i) pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461, any firearms and ammunition involved in the commission of the offenses charged in Counts Three and Four of the Indictment pending in 21-cr-507, including, but not limited to: one Kimber Micro 9 Raptor 9 millimeter handgun, bearing serial number PB0262318; one Ruger Red Hawk .44 magnum revolver, bearing serial number 501-18340; one Savage Arms model 69RWL 12 gauge weapon made from a shotgun, bearing serial number E244699; one Sig Sauer P320 .45 caliber pistol with no serial number; one Ruger Mark II Target .22 caliber pistol, bearing serial number 221-48377; one AR-15 style privately made firearm, with no serial number; one pen gun with no serial number, which BUCCIARELLI admits have the requisite nexus to the gun offenses charged in Counts Three and Four; and (ii) pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offenses charged in Counts One through Five of the Indictment pending in 21-cr-506, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offenses (collectively, the "Forfeitable Property").

BUCCIARELLI agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. BUCCIARELLI agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. BUCCIARELLI understands that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Furthermore, BUCCIARELLI waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

BUCCIARELLI further consents to the administrative and/or civil judicial forfeiture of the Forfeitable Property pursuant to 18 U.S.C. § 981 and/or 982. BUCCIARELLI agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Forfeitable Property and will not cause or assist anyone else in doing so. To the extent BUCCIARELLI has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Forfeitable Property, such claims or petitions are hereby deemed withdrawn. BUCCIARELLI further agrees to take all necessary steps to pass clear title to the Forfeitable Property to the United States, including, but not limited to, the surrender of such property to the United States Marshals Service and the execution of all necessary documentation.

BUCCIARELLI consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all right, title, and interest in the Forfeitable Property and waives: (1) all challenges of any kind to the forfeiture and abandonment of the Forfeitable Property by federal, state, and/or local law enforcement; and (2) any additional notice requirement in connection with the forfeiture and abandonment of this property. BUCCIARELLI also consents to the destruction of the Forfeitable Property at the discretion of federal, state, and/or local law enforcement.

BUCCIARELLI consents and agrees to abandon to federal, state, and/or local law enforcement all right, title, and interest in: two baseball bats; and six axe handles, all of which were previously seized. BUCCIARELLI waives all challenges of any kind to the abandonment of this property by federal, state, and/or local law enforcement. BUCCIARELLI further waives any additional notice requirement in connection with the abandonment of this property and consents to the destruction of the abandoned property at the discretion of federal, state, and/or local law enforcement.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on BUCCIARELLI by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of BUCCIARELLI's activities and relevant conduct with respect to this case.

### Stipulations

This Office and BUCCIARELLI agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby are made a part

of this plea agreement. The stipulations in Schedule A are offered as recommendations to the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or BUCCIARELLI from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

This Office and BUCCIARELLI agree that, provided the District Court imposes a sentence in accordance with this Rule 11(c)(1)(C) plea agreement, neither party will appeal that sentence. BUCCIARELLI further agrees that, in exchange for the concessions the United States made in entering into this Rule 11(c)(1)(C) plea agreement, he will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify any component of the judgement of conviction or sentence. Lastly, the parties have stipulated to certain facts in the Schedule A to this plea agreement. Accordingly, the parties agree that they will not challenge at any time, using any means, the District Court's acceptance of those stipulated facts.

## Immigration Consequences

BUCCIARELLI understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his

naturalization. BUCCIARELLI understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. BUCCIARELLI wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. BUCCIARELLI understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, BUCCIARELLI waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so. This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against him. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude him from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that BUCCIARELLI received constitutionally ineffective assistance of counsel.

Very truly yours,

RACHAEL A. HONIG
Acting United States Attorney

By: ROBERT FRAZER
SAMANTHA C. FASANELLO
Assistant U.S. Attorneys

APPROVED:

DESIREE L. GRACE
Deputy Chief, Criminal Division

- 8 -

     I have received this letter from my attorney, Robert N. Agre, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, restitution, and immigration consequences, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon the agreement. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____      Date: 10/19/21
Nicholas Bucciarelli

     I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, restitution, and immigration consequences, as well as the impact that Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____      Date: 10/19/21
Robert N. Agre, Esq.
Counsel for Defendant

Plea Agreement with Nicholas Bucciarelli ("BUCCIARELLI")

Schedule A

1. This Office and BUCCIARELLI agree to stipulate to the following facts:

    a. The Pagan's Motorcycle Club (the "Pagans") constitutes an "enterprise" under federal law.

    b. The Pagans organization employs a hierarchal rank structure to manage the organization, both on a national level and within each local membership chapter.

    c. Members of the Pagans take orders from their membership chapter's leadership figures who, in turn, report to the national leadership council.

    d. The Pagans gather for meetings on a regular basis to discuss official business.

    e. The Pagans collect money in the form of "dues" from each member, which is deposited into financial accounts controlled by the organization.

    f. The Pagans hold regional and national events that require members to travel across state lines.

    g. On or about August 19, 2020, BUCCIARELLI and his co-conspirators assaulted an associate of the Pagans with dangerous weapons, including an axe handle and a firearm.

    h. At the time of the assault, BUCCIARELLI was the Sergeant at Arms for the Pagans' Camden County membership chapter.

    i. BUCCIARELLI committed the assault in connection with his membership in the Pagans.

    j. In or around June and July 2020, BUCCIARELLI knowingly possessed the following firearms: one Ruger Red Hawk .44 Magnum revolver, bearing serial number 501-18340; one Savage Arms 69RXL 12 gauge weapon made from a shotgun, bearing serial number E244699; one Sig Sauer P320 .45 caliber pistol, bearing no serial number; and one Ruger Mark II Target .22 caliber pistol, bearing serial number 221-48377.

    k. On or about September 1, 2020, BUCCIARELLI knowingly possessed a Kimber Micro 9 Raptor 9 millimeter handgun, bearing serial number PB0262318.

      l. When he possessed the firearms referenced in Paragraphs (m) and (n) above, BUCCIARELLI knew that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and thus knew that he was prohibited from possessing the firearms.

      m. From in or around July 2019 through in or around September 2019, BUCCIARELLI distributed a quantity of methamphetamine in excess of 100 grams.