## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA, :

    vs.                 :    Criminal Docket No.  21-506-001
                                        & 21-507-001

NICHOLAS BUCCIARELLI,   :

    Defendant.       :

### SENTENCING MEMORANDUM

### Preliminary Statement

On February 18, 2022, Defendant, Nicholas Bucciarelli, appeared before the Court and entered a guilty plea to five (5) counts of Distribution of and Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. 841(a)(1) and (b)(1)(B) under Indictment 21-506. On the same date, Mr. Bucciarelli entered a guilty plea to the charges of Violent Crime in Aid of Racketeering-Assault with a Dangerous Weapon in violation of 18 U.S.C. 1959(a)(3) and two (2) counts of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. 922(g)(1) under Indictment 21-507. The Government has indicated its intention to dismiss Count Two of Indictment 21-507, which charged Defendant with Brandishing a Firearm During a Crime of Violence in violation of 18 U.S.C. 924(c)(1)(A)(ii), at sentencing. The charges outlined in both indictments have been consolidated for sentencing purposes.

1

As part of the plea agreement that Mr. Bucciarelli reached with the Government, he agreed to the following stipulations:

1. On Count-Group 1 stemming from Indictment 21-506, the applicable guideline for the offenses is §2D1.1;

2. Defendant's guilty plea on these charges pertains to distribution of at least 50 but less than 150 grams of methamphetamine, thereby rendering the base level for the offense under that section to be **30.**

3. No adjustments were made for specific offense characteristics or for Mr. Bucciarelli's role in the offense; thus his adjusted offense level for Count-Group 1 remains at **30.**

4. On Count-Group 2 stemming from Count One of Indictment 21-507, U.S.S.G. §2A2.2(a) classifies the conduct as Aggravated Assault with a base offense level of **14.**

5. With regard to specific offense characteristics on this offense, the Guidelines provide for a 4-level increase for use of a dangerous weapon, a 3-level increase due to the victim's bodily injury and a 2-level enhancement since the incident was motivated by a payment of money or other thing of value, all of which combine to result in an adjusted offense level of **23.**

6. On Count-Group 2 stemming from Counts Three and Four of Indictment 21-507, which are grouped together pursuant to U.S.S.G. §3D1.2(c), the base offense level for these charges is **14.** U.S.S.G. §2K2.1.

7. With regard to specific offense characteristics on these offenses, which involved five (5) firearms, the Guidelines provide for a 2-level increase under §2K2.1(b)(1)(A), thereby adjusting the offense level to **16.**

8. Pursuant to §3D1.4, Mr. Bucciarelli's Combined Offense Level, therefore, is **31.**

9. Mr. Bucciarelli's demonstration of a recognition and affirmative acceptance of responsibility entitles him to a **2 level reduction** pursuant to U.S.S.G. 3E1.1(a).

10. Mr. Bucciarelli's assistance with authorities and his timely notification to the Government of his intention to enter a guilty plea, and his subsequent entrance of the plea, entitles him to an additional **1 level reduction** pursuant to U.S.S.G. 3E1.1(b).

11. Defendant's Total Offense Level is, therefore, **28.**

12. Mr. Bucciarelli's criminal history score is **zero**, which places him in criminal history category I.

The Guidelines imprisonment range for Mr. Bucciarelli is, therefore, seventy-eight (78) to ninety-seven (97) months.

3

The plea agreement reached by Mr. Bucciarelli and the Government stipulates to a sentence within the range ninety-six (96) months to one-hundred twenty (120) months imprisonment. 21 U.S.C. §841 carries a mandatory minimum of five (5) years and a maximum of forty (40) years. The other offenses to which Mr. Bucciarelli has pleaded guilty do not carry mandatory minimum terms. The Court is urged to adopt the terms of the plea agreement and to sentence Mr. Bucciarelli at the high end of the Guidelines range in accordance with the plea agreement to ninety-six (96) months imprisonment. Mr. Bucciarelli has been continuously incarcerated since his arrest on September 1, 2020.

Defendant was born on August 6, 1965 and is now fifty-six (56) years old. He has properly been assessed 0 criminal history points and properly placed into Criminal History Category I. He has been married to his wife, Nicole, for approximately fifteen (15) years and the marriage has produced one child (1), Dominic, now age 16. Dominic, unfortunately, underwent brain surgery as an infant and spent the first six (6) years of his life at Ronald McDonald House in Cincinnati, Ohio. Mr. Bucciarelli's incarceration has understandably taken a toll on his family and Dominic has since dropped out of school. Defendant's wife, who is disappointed in, yet supportive of, Mr. Bucciarelli, remains gainfully employed by Virtua Health as a patient navigator.

Mr. Bucciarelli also has another biological child, Christina, now age twenty-nine (29) and has provided parental support to his wife's three (3) children from a prior relationship all throughout his marriage to Nicole. According to Mrs. Bucciarelli, Defendant was "the best husband, the best father who never missed any of her children and their child's sporting events and doctor's appointments, and that they would attend church all the time."

Mr. Bucciarelli asks the Court to consider the attached character letters, which provide insight into the type of individual that he was in the eyes of non-family members. Therein, Mr. Bucciarelli is described by people who knew him as caring, loving, respectful, friendly, helpful, generous and dependable. According to one friend, who worked with Mr. Bucciarelli as a welder for ten (10) years, Defendant was considered by his children to be an "uncle" who would "give you the shirt off his back." **Exhibit A.**

Mr. Bucciarelli was a welder by occupation until he became disabled following a serious motor vehicle accident in 2013. The combination of the accident, which resulted in Mr. Bucciarelli undergoing neck surgery and being prescribed narcotics pain medication, and his recent membership in the Pagans enterprise in approximately 2017 or 2018, has landed him in his current predicament.

5

As a result of his accident injuries, Mr. Bucciarelli became addicted to pain medication and was prescribed Suboxone by his primary doctor in order to reduce his dependency on the prescribed narcotics. Over the years, he has also struggled with alcoholism, having first tried the same at a very young age and substance abuse of marijuana, cocaine and methamphetamine. According to the history supplied by Mr. Buccarielli, he was using these substances during the time frame when he committed the within offenses.

The plea agreement reached by Defendant and the Government stipulates to several facts regarding the structure and operation of the Pagan's Motorcycle Club, in addition to recommending a sentence in the range of eight (8) to ten (10) years. The Presentence Report indicates that the Probation Officer agrees with the stipulated facts

Based upon his adjusted offense level of 28, a criminal history category of I and the negotiated plea agreement, a sentence at the high end of the guidelines range and the low end of the stipulated plea agreement with regard to any imposed term of imprisonment is appropriate with regard to Mr. Bucciarelli under all of the circumstances. As indicated, Mr. Bucciarelli has accepted responsibility for his actions.

**Argument**

I. *THE FACTORS CODIFIED AT 18 U.S.C. § 3553 SUPPORT THE CONCLUSION THAT A SENTENCE OF NINETY-SIX (96) MONTHS IMPRISONMENT IS APPROPRIATE WITH REGARD TO NICHOLAS BUCCIARELLI.*

18 U.S.C. § 3553 sets forth the factors to be considered by the Court in imposing sentence and provides as follows:

> **(a)** **Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, **but not greater than necessary**, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> **(2)** the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> **(3)** the kinds of sentences available;
>
> **(4)** the kinds of sentence and the sentencing range established for—
>
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>
> . . .

7

> **(5)** any pertinent policy statement—
>
> . . .
>
> **(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> **(7)** the need to provide restitution to any victims of the offense.

(emphasis supplied).

Subsection (b) addresses the application of the guidelines in imposing a sentence and provides:

> **(1) In general.**--Except as provided in paragraph (2), the court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described. In determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission. . .

As the Court well knows, the sentencing guidelines are advisory in nature and the decision to apply or to depart from the same based upon other statutory factors rests within the discretion of the sentencing court. United States v. Booker, 543 U.S. 220 (2005).

Defendant submits that the factors set forth in 18 U.S.C. § 3553 fully support the imposition of a sentence of ninety-six (96) months incarceration, which falls both within the Guidelines high range and near the bottom of the stipulated term

8

of the plea agreement reached by the Government and Defendant pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

With regard to the nature and circumstances of the offense and the history and characteristics of the Defendant, the Court is asked to consider the fact that Mr. Bucciarelli has endured significant challenges in his lifetime, including birth complications suffered by his son and serious physical injuries suffered directly by him. It is a pattern that the criminal justice system knows all too well: physical injuries leading to prescribed medication leading to substance use and abuse; disability/lack of employment leading to interactions with existing criminal elements and enterprises.

Significantly, Mr. Bucciarelli's last interactions with law enforcement of any import occurred over two (2) decades prior to his current offenses. The Presentence Report indicates that his last criminal offense occurred in 1998 and he was released from a sentence that he served on that charge in 2003. Since that time, Mr. Bucciarelli has led a law-abiding life with the exception of some local ordinance violations.

During that time, Mr. Bucciarelli has created solid relationships with his wife and other family members, as well as friends outside of the Pagan's organization. His wife's representations, as well as those of others set forth in the

9

character letters submitted to the Court, provide a better picture of the type of man that Defendant has the wherewithal to be.

Mr. Bucciarelli has pleaded guilty to drug distribution and was an admitted drug user at the time of the offenses to which he has admitted guilty. Although he has and continues to take responsibility for that conduct, he submits that factor (a)(1) of §3553 weighs heavily in favor of the Court accepting the plea agreement and sentencing him accordingly. Since the advisory Guidelines range on the high end is ninety-seven (97) months, a sentence of ninety-six months does not require a departure therefrom.

With regard to factor (A)(2), the proposed sentence will reflect the seriousness of the offense, will provide just punishment and will adequately deter Mr. Bucciarelli from further criminal conduct. A term of eight (8) years reflects the seriousness of the offense which Mr. Bucciarelli has admitted that he committed. He has already proven that he has the capacity to live a law-abiding life, despite the challenges he has endured. Additionally, since Mr. Bucciarelli has terminated his relationship with the Pagans, Mr. Bucciarelli will no longer be influenced by the same.

## Conclusion

For the all the reasons stated above, it is respectfully requested that the Court sentence Nicholas Bucciarelli to an offense level no higher than 28 and sentence him to a term of imprisonment of ninety-six (96) months, which is within the ranges of both the advisory Sentencing Guidelines and the negotiated Plea Agreement.

Respectfully submitted,

_____
Robert N. Agre, Esquire
Attorney for Defendant,
Nicholas Bucciarelli

Dated: 6/10/22

# EXHIBIT A

Dear Sir,

I have known Booch (Nicholas Bucciarelli) for over 10 years. Booch and his wife Nicole frequented the restaurant and entertainment venue "Time Out Entertainment" in Barrington N.J. where I managed.

Booch was always a gentleman. He treated people with respect at all times. It was not uncommon for him to make friends with people he met.

Booch has the ability to make the sad happy. He has a wonderful sense of humor. If a patron was not enjoying himself, he would have a good word. On an occasion Booch would even get up and sing with the band.

I was always treated with great respect. He would always offer a helping hand with changing a keg or even carry out the garbage.

I consider Booch as a dependable good friend. A rare find in todays world.

Sincerely,

Cheryl Seitzinger

To Judge Hillman                          4/25/22

I am writing this letter on behalf of Nicholas Bucciarelli. Me & Mr Bucciarelli worked together for 10 years welding together. I was just starting my career & Mr Bucciarelli taught me a lot he always explained things to. From that we became friends he came to my house for dinner meet my wife & kids. he was a very caring loving man my kids called him uncle. I could go on forever saying all good things about this men he is very caring man he would give u the shirt

off his BACK I hope U see what I am trying to say

John D Corrente JR
59 Freehold Road
Manalapan NJ
07726